McDONALD, J., Dissenting.
In my opinion the magistrate correctly determined defendant should not have to answer charges of soliciting forcible rape and forcible sodomy. I would therefore affirm the superior court’s order denying the People’s motion to reinstate the charges.
I agree with the majority opinion that the legal conclusions of the magistrate are reviewed de novo but the magistrate’s findings of fact are binding on this court if supported by substantial evidence. I also agree with the majority opinion that the Penal Code section 653f, subdivision (c), crime with which defendant was charged in counts 1 and 2 requires defendant to have solicited another person to commit the crimes of forcible rape and forcible sodomy with the intent the crimes be committed.
*323 I disagree with the majority opinion’s observations the magistrate did not make a factual finding that defendant did not make the solicitations with the intent the crimes of forcible rape and forcible sodomy be committed by the recipient and, if our review is de novo, that the evidence at the preliminary hearing supplied a rational basis for believing the solicitations were to commit forcible rape and forcible sodomy.
At the conclusion of the preliminary hearing, the magistrate first considered count 1, the charge of solicitation of forcible rape in defendant’s communications with J.M. The magistrate concluded, “As to Count 1, I just don’t find that I have a strong suspicion there was specific intent to cause . . . [J.M.] to commit any kind of a rape.” The magistrate then considered count 2, the charge of solicitation of forcible sodomy in defendant’s communications with G.M. The magistrate concluded, “As to Count 2, there is some language . . . that would involve force, the ‘Enter even though I say no. Go ahead.’ But I don’t think that based on everything I’ve heard that that was the specific intent ... in the defendant to cause someone to do that.” Furthermore, the magistrate concluded that both J.M. and G.M. considered defendant’s solicitations to be for voluntary, not forcible, sex. The magistrate then ruled that “I’m not binding over on Count[s] 1 and 2.”
In my view, the statements of the magistrate in support of not binding over' for trial on counts 1 and 2 constitute findings of fact that defendant did not have the intent that the persons who received the communications commit the crime of forcible rape or forcible sodomy. If those findings were supported by substantial evidence, the superior court’s order denying the People’s motion to reinstate the charges was legally compelled and correct, and should be affirmed.
A review of the transcript of the preliminary hearing confirms there is substantial evidence to support the magistrate’s no criminal intent finding. That review establishes that of the numerous solicitations made by defendant to G.M. or J.M. all were for voluntary, consensual sex, none were for forcible sex. The only arguable variation on the solicitation for voluntary sex were statements defendant made to J.M. that in the context of a meeting for consensual sex, J.M. could pick a time to surprise her, force the door and ignore it if she said “no.” In this context, these comments suggesting force could not be considered other than attributes of consensual sex that would make consensual sex more exciting.
Even were our standard of review de novo, as the majority opinion strongly asserts, a review of the preliminary hearing record does not contain a rational ground for believing defendant’s communications to J.M. and G.M. constituted solicitations to commit forcible rape and forcible sodomy. In my *324 view, regardless of the appropriate standard of review, the order of the superior court denying the People’s motion to reinstate the charges against defendant should be affirmed.
A petition for a rehearing was denied April 24, 2014. McDonald, J., was of the opinion that the petition should be granted. Respondent’s petition for review by the Supreme Court was denied July 16, 2014, S218436.